**PARNESS LAW FIRM, PLLC**

136 Madison Avenue, 6th Floor • New York, New York 10016
Hillel I. Parness • www.hiplaw.com • hip@hiplaw.com
(Cell) 646-526-8261 • (Office) 212-447-5299 • (Fax) 212-202-6002

May 23, 2023

VIA ECF

United States District Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203

    Re:    <u>Structured Asset Sales, LLC v. Sheeran, 20-cv-4329-RA-SN</u>

Dear Judge Abrams:

I represent Plaintiff Structured Asset Sales, LLC ("Plaintiff") in the above-referenced matter, and we submit this joint letter in conjunction with counsel for the Defendants.

As Your Honor will recall, this case is the third of three cases filed in this District, all involving the alleged infringement of the Edward Townsend musical composition "Let's Get It On," by way of the Ed Sheeran song "Thinking Out Loud":

- *Griffin v. Sheeran*, 17-cv-05221-LLS ("*Griffin*")
- *Structured Asset Sales, LLC v. Sheeran*, 18-cv-05839-LLS ("*SAS I*")
- *Structured Asset Sales, LLC v. Sheeran*, 20-cv-4329-RA-SN ("*SAS II*")

*Griffin* was tried to a jury on April 24-May 4, 2023. On May 4, 2023, the jury returned a verdict in favor of Defendants, finding that Ed Sheeran independently created "Thinking Out Loud," and thus did not infringe the copyright of "Let's Get It On." *Griffin* ECF 276. Judge Stanton thereupon issued a Judgment dismissing the case on May 5, 2023 (*Griffin* ECF 277).

On May 16, 2023, in *SAS I*, Judge Stanton issued an Opinion and Order granting Defendants' Motion for Reconsideration, granting Defendants' Motion for Summary Judgment and denying Plaintiff's Cross-Motion for Summary Judgment. *SAS I* ECF 217. This was followed by a Judgment dismissing the case on May 17, 2023. *SAS I* ECF 218.

In Your Honor's March 30, 2021 Opinion and Order in *SAS II* (ECF 98), Your Honor granted in part and denied in part Defendants' Motions to Dismiss, and stayed *SAS II*, pending resolution of *SAS I*. In staying the case, Your Honor noted that "the Court cannot accurately predict what preclusive effects *SAS I* will have on this action" and a stay would "foster judicial economy and … protect the parties from the vexation of concurrent litigation over the same subject matter,…" ECF 98 at 16 (citation and internal quotations omitted). Your Honor further directed the parties as follows: "Within a week of the resolution of [*SAS I*], the parties shall submit a letter to the Court that proposes next steps and provides their respective positions on how that action affects this one." The parties'

United States District Judge  May 23, 2023
Ronnie Abrams

respective positions are set forth below.

**Plaintiff's Position**

Judge Stanton's May 16, 2023 Opinion and Order (*SAS I* ECF 217) turned on the question of how to define "numerosity" in the context of a "selection and arrangement" copyright claim. Plaintiff (in *SAS I*) now has the option of appealing Judge Stanton's various decisions to the Second Circuit, the outcome of which could have implications in *SAS II*. In addition, the *Griffin* plaintiffs have the option of filing post-trial motions in that case, and then (depending on the outcome of those motions) appealing Judge Stanton's rulings in *Griffin* to the Second Circuit, the outcome of which also could have implications in *SAS I* and *SAS II*. To that end, it is Plaintiff's view that at this time neither the May 17, 2023 Judgment in *SAS I*, nor the May 5, 2023 Judgment in *Griffin*, can have any theoretical preclusive impact on *SAS II* (and to be clear we do not concede any preclusive effect from either of those cases upon this one) until the exhaustion of the post-trial motion and appellate options available in each. Therefore, for the same reasons that Your Honor stayed *SAS II* in March 2021, Plaintiff respectfully submits that the stay should be continued through the final resolution of any and all appeals (and/or new trials) in *Griffin* and *SAS I*.

**Defendants' Position**

Plaintiff recharacterizes Judge Stanton's Opinion and Order in *SAS I* (ECF 217) as if it was based exclusively on the requirement of "numerosity" in a "selection and arrangement" infringement claim (which is the basis for SAS's claim here in *SAS II*). Judge Stanton's Opinion and Order goes a great deal further, and Defendants are content to simply and respectfully refer the Court to Judge Stanton's Opinion and Order.

In public statements following Judge Stanton's dismissal of *SAS I*, the principal of SAS, David Pullman, has announced that he will be appealing the grant of summary judgment. While Defendants view any such appeal as frivolous, they do not disagree that the stay should remain in effect pending such appeal.

Similarly, the plaintiffs in *Griffin* could make a Rule 59 motion and/or appeal, although Defendants do not believe there is any basis for either such motion or an appeal. Accordingly, Defendants again do not disagree that the stay should remain in effect pending the disposition of any such motion or appeal, should they be filed.

However, Defendants disagree that the judgments have no actual or theoretical preclusive effect pending the exhaustion of post-trial motions or appeal. Judgments being appealed still have preclusive effect. *See, e.g.*, *Robb v. Brewster*, No. 22-cv-4301 (NSR), 2023 WL 3436105, at *2 (S.D.N.Y. May 12, 2023) ("Moreover, res judicata and collateral estoppel apply once final judgment is entered in a case, even while an appeal from that judgment is pending.").

United States District Judge  May 23, 2023
Ronnie Abrams

As to the potential preclusive effect of the jury finding and the two judgments, SAS and Griffin share an interest in the same copyright attributable to the same author (Ed Townsend) and there is no dispute that the interests of SAS were certainly fully represented in both *Griffin* and *SAS I*. Thus, in addition to Defendants' belief that David Pullman had no ability or authority to register the sound recording for copyright protection in 2020 (and he had no basis for the demonstrably untrue representations he made to the Copyright Office as to authorship), Defendants believe that the relationship between the cases and the parties warrants close examination of issue preclusion (especially in light of the jury finding that "Thinking Out Loud" was independently created, an absolute defense to any claim of copyright infringement).

                          Respectfully submitted,

                          Hillel I. Parness

cc:   Counsel of Record (via ECF)