UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRUCTURED ASSET SALES, LLC,

               *Plaintiffs*,

        -against-

EDWARD CHRISTOPHER SHEERAN, p/k/a ED
ED SHEERAN, SONY/ATV MUSIC PUBLISHING LLC,
ATLANTIC RECORDING CORPORATION, d/b/a
ATLANTIC RECORDS, BDI MUSIC LTD., BUCKS
MUSIC GROUP LTD., THE ROYALTY NETWORK,
INC., DAVID PLATZ MUSIC (USA) INC., AMY
WADGE, JAKE GOSLING, MARK "SPIKE" STENT,
STONE DIAMOND MUSIC CORP., CHEWIETOURS
LP, EMI MUSIC PUBLISHING, SONY MUSIC
ENTERTAINMENT INC., SONY CORPORATION
OF AMERICA, SONY CORPORATION, MESSINA
TOURING GROUP, LLC and DOES 1 THROUGH 10

               *Defendants*.

ECF CASE

20-cv-4239 (RA)

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

PRYOR CASHMAN LLP
    Donald S. Zakarin
    dzakarin@pryorcashman.com
    Ilene S. Farkas
    ifarkas@pryorcashman.com
    Andrew M. Goldsmith
    agoldsmith@pryorcashman.com
    Brian M. Maida
    bmaida@pryorcashman.com

7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT ...................................................................................................................................4

    I.    Legal Standard ........................................................................................................4

    II.    Reconsideration Should Be Granted and the Complaint Should Be Dismissed ..................5

CONCLUSION ..............................................................................................................................11

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(s)**

*C.D.S., Inc. v. Zetler*,
    298 F. Supp. 3d 727 (S.D.N.Y. 2018)......................................................................7

*Capitol Recs., LLC v. Vimeo, LLC*,
    972 F. Supp. 2d 537 (S.D.N.Y. 2013)......................................................................4

*Chambers v. Green-Stubbs*,
    No. 19-cv-093 (GHD) (DAS), 2021 WL 107252 (N.D. Miss. Jan. 12, 2021) .......................10

*Gray v. Paramount Global*,
    No. 25-cv-3484 (JSR), 2026 WL 71421 (S.D.N.Y. Jan. 9, 2026) .........................................2, 7

*Kunkel v. Jasin*,
    420 F. App'x. 198 (3d Cir. 2011) ...............................................................................6, 7, 9

*McLaren v. Chico's FAS, Inc.*,
    No. 10-cv-2481 (JSR), 2010 WL 4615772 (S.D.N.Y. Nov. 9, 2010) ......................................7

*Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*,
    No. 09-cv-2669 (LAP), 2010 WL 3958841 (S.D.N.Y. Sept. 27, 2010) ...................................9

*Raymond G. Schreiber Revocable Tr. v. Est. of Knievel*,
    984 F. Supp. 2d 1099 (D. Nev. 2013), *aff'd, Raymond G. Schreiber v. Est. of
    Knievel*, 637 F. App'x 479 (9th Cir. 2016) ..............................................................7

*Schoolcraft v. City of N.Y.*,
    298 F.R.D. 134 (S.D.N.Y. 2014) ..............................................................................4

*Shrader v. CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995)......................................................................................4

*Structured Asset Sales, LLC v. Sheeran*,
    120 F.4th 1066 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 2792 (2025).......................................6

**STATUTES, REGULATIONS AND RULES**

17 U.S.C. § 411(b)(2) .........................................................................................................9

17 U.S.C. § 501 ..................................................................................................................5

37 C.F.R. § 202.3(c)(1) ...................................................................................................2, 5

Local Civil Rule 6.3 ...........................................................................................................4


**REGISTER OF COPYRIGHTS' AUTHORITY AND OPINIONS**

*Bueno v. Benhamou*, No. 21-cv-04595 (C.D. Cal. June 30, 2022), ECF No. 74 ..........................10

*Chambers v. Green-Stubbs*, No. 19-cv-00093 (N.D. Miss. Jan. 1, 2021), ECF No. 27 ...............10

U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 602.4(C)
(3d ed. 2021) ..................................................................................................................9

U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1808
(3d ed. 2021) ..................................................................................................................9

# PRELIMINARY STATEMENT[1]

The law is clear and undisputed: only specifically identified individuals and/or entities are authorized to submit an application for copyright registration.  Consistent with this principle, where an application is submitted by a person or entity other than the specifically authorized persons or entities, the registration is invalid as a matter of law.  Thus, the sole issue addressed by this motion for reconsideration is one that may be determined as a matter of law: was SAS, which filed the registration at issue, one of the specific persons or entities authorized to file an application for registration of a copyright?  If it was not, then the copyright registration that SAS is suing on (the "SAS Registration") is not valid and cannot support an infringement action (instead, the only valid registration is the 1973 registration on which SAS has already sued Defendants and lost).

Here, it is undisputed – indeed, ***the Court has already found*** – that SAS, which submitted the application for registration of the Claimed Derivative Work in 2020 (the "SAS Application"), is not one of the specifically enumerated persons or entities authorized to apply for such registration under the Copyright Act and Regulations.  Accordingly, the SAS Registration, which the Copyright Office ultimately issued based on the SAS Application, is invalid as a matter of law.  Because SAS cannot sue for infringement of a registration that is invalid, this action should be dismissed.

Defendants thus seek reconsideration of the Court's Opinion & Order dated March 30, 2021 (ECF 98, the "Opinion") on a single, narrow ground: because SAS was not one of the persons or entities permitted to apply for registration of the Claimed Derivative Work, was the SAS

---

[1] Undefined capitalized terms have the meanings given to them in Defendants' original motion papers.  ECF 64, 94.  "Defendants," as used herein, means all Defendants that previously moved to dismiss SAS's claims.

Registration invalid as a matter of law.[2]

In the Opinion, the Court recognized that (1) "'an application for copyright registration may be submitted by any author or other copyright claimant of a work, the owner of any exclusive right in a work, or the duly authorized agent of any such author, other claimant, or owner,'" and (2) "[t]he facts underlying [this point] are undisputed."  Opinion at 13 (quoting 37 C.F.R. § 202.3(c)(1)).  The Court further recognized – and SAS conceded in the SAS Registration – that Stone Diamond, not SAS, was the "copyright claimant."  *Id.*  The Court also recognized that SAS "does not allege that it acted as the duly authorized agent of the copyright claimant, Stone Diamond, nor that it qualifies as an 'author' under the statute."  *Id.*[3]  Nor did SAS allege that it was the authorized agent of an author (both alleged authors were long dead before 2020).  *See generally* Complaint, ECF 1.  Nor is SAS an owner "of any exclusive right" under copyright – as the Court recognized, it is undisputed SAS is "a beneficial rather than legal owner of the copyright."  Opinion at 13.  And as Defendants demonstrated, consistent with well-settled law, a beneficial owner does **not** hold any "exclusive rights" under copyright.  Accordingly, the Court's findings and these facts, which are undisputed and indisputable, require finding the SAS Registration invalid as a matter of law.

However, in its Opinion, the Court ruled that it would be "premature" to dismiss SAS's infringement claim without the parties conducting discovery regarding "the extent of Townsend's role in authoring the new musical elements embodied in the 2020 registration."  *Id.* at 13, 14.  But

---

[2] As discussed at the conference held on December 9, 2025, this motion is timely because the Court's Opinion stayed this action "pending resolution of *Structured Asset Sales, LLC v. Sheeran et al.*, No. 18-cv-5839."  Opinion at 22.  That stay remains in effect, and the Court granted Defendants permission to make this motion.

[3] SAS admits it had no authority from Stone Diamond to register the Claimed Derivative Work. Thus, as held in *Gray v. Paramount Global*, No. 25-cv-3484 (JSR), 2026 WL 71421, at *4 (S.D.N.Y. Jan. 9, 2026), the registration is invalid as a matter of law on that basis as well.

the question of Townsend's role in authoring the "additional" musical elements has nothing to do with the threshold issue of whether SAS was legally permitted to apply for the SAS Registration at all. Townsend's authorship addresses an entirely separate, unrelated and distinct issue: whether SAS misrepresented or falsified information in the SAS Application to (or correspondence with) the Copyright Office (which provides an independent basis for finding the SAS Registration invalid).

Perhaps the manner in which Defendants presented these two separate bases for finding the SAS Registration invalid may have blurred the distinction between them, as the Opinion appears to have inadvertently conflated these two separate bases.

Defendants' motion seeks reconsideration of only one of these two challenges to the SAS Registration: whether, because SAS was not one of the specifically enumerated persons or entities permitted to file an application for registration, the SAS Registration is invalid, which presents an issue determinable as a matter of law, consistent with the Court's own factual findings and the undisputed facts. Indeed, the Court's finding that "[t]he facts underlying [this point] are *undisputed*" (Opinion at 13 (emphasis added)), fully dictates that the Complaint should be dismissed as a matter of law.

A second and separate basis for Defendants' motion to dismiss – whether the SAS Registration is invalid because David Pullman's representations to and correspondence with the Copyright Office claiming Townsend was an author lacked any factual basis – need not be explored through discovery nor decided to find the SAS Registration invalid. No reconsideration of the Court's Opinion on this separate second basis is sought.[4]

---

[4] In point of fact, SAS's principal, David Pullman, who filed the SAS Application, represented that Townsend authored the "additional" material. But he had no personal knowledge to support his claim. Only this separate ground for dismissal may call for either discovery or reference to the

No amount of discovery will change the facts that this Court has already found to be undisputed. Because these undisputed, determined facts inexorably dictate, as a matter of law, that the SAS Registration is invalid, Defendants ask the Court to reconsider that dispositive issue, for which discovery is unnecessary, and to dismiss the Complaint on that basis.[5]

## ARGUMENT

### I.    Legal Standard

On a motion for reconsideration under Local Civil Rule 6.3, the movant must "demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion, [which] might materially have influenced its earlier decision." *Schoolcraft v. City of N.Y.*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) (citations & quotations omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (affirming grant of reconsideration where moving party introduced "additional relevant case law" and the district court had not considered previously presented information that "alter[ed] the conclusion reached by the court").

Reconsideration is appropriate here because the Court inadvertently overlooked that its finding – that SAS is neither the "claimant" nor "author" nor owner of any exclusive right under copyright (nor the authorized agent of any of those persons or entities) – renders the SAS Registration invalid as a matter of law and requires dismissal of SAS's infringement claim. *See Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 549 (S.D.N.Y. 2013) (Abrams, J.) (granting reconsideration where the court overlooked facts in the record that required dismissal of infringement claims). Whether or not SAS misrepresented that Townsend authored the "new"

---

Copyright Office. But this separate ground need not be reached because SAS had no right to apply for the SAS Registration.

[5] The Court already dismissed Counts II and III without prejudice. Opinion at 18-22. Thus, this motion seeks dismissal of the remainder of the Complaint.

elements at issue is a separate and distinct inquiry unrelated to SAS's authority to have filed the SAS Application, which it indisputably lacked as a matter of law.

## II.   Reconsideration Should Be Granted and the Complaint Should Be Dismissed

Both the law and facts underlying this motion are undisputed.

As to the law, Defendants demonstrated (ECF 64 at 12), SAS conceded (ECF 90 at 12-13), and this Court held (Opinion at 13), that an application for copyright registration may be submitted *only* by an "author or other copyright claimant of a work, the owner of any exclusive right in a work, or the duly authorized agent of any such author, other claimant, or owner."  37 C.F.R. § 202.3(c)(1).

As for the facts, Defendants also demonstrated (ECF 64 at 4-5, 12-13), SAS also conceded (ECF 90 at 12-15), and this Court also held (Opinion at 13), that SAS is not an "author," "claimant," or "duly authorized agent" of an "author" or "claimant" of the Claimed Derivative Work.  Indeed, as the Court noted, "[t]he facts underlying" this point "*are undisputed*."  Opinion at 13 (emphasis added).

In opposition to the original motion to dismiss, SAS argued that it allegedly was "the owner" of "exclusive rights" under copyright.  ECF 90 at 12-14.  This assertion is false, both as a matter of fact and as a matter of law.  SAS holds, at most, an 11% **beneficial interest** in *Let's Get It On*. A beneficial interest (created by Townsend's assignment of legal ownership of copyright to Stone Diamond in return for the payment of royalties) provides standing only to sue for infringement under 17 U.S.C. § 501.  However, as Defendants demonstrated in their Reply Memorandum of Law on the prior motion (ECF 94 at 3-4), a beneficial interest does ***not*** confer any legal ownership of any exclusive rights under copyright (and without a valid copyright registration, neither a legal owner nor one with a beneficial interest may sue for infringement).  It is undisputed that Stone

Diamond is the sole legal owner of **all** of the exclusive rights under copyright.  *Id.*; *see also* ECF 66-1 ¶ 3.  And the Court's Opinion so held.  *See* Opinion at 13 ("While Plaintiff enjoys beneficial ownership of the copyright, Stone Diamond has exclusive rights to the legal title."); *id.* (recognizing SAS's "status as a beneficial rather than legal owner of the copyright").

Because the undisputed facts establish that SAS had no standing to submit the SAS Application, the SAS Registration is invalid as a matter of law and SAS's infringement claim, which is solely based on a legally invalid purported registration, should be dismissed.[6]

The decision of the Court of Appeals for the Third Circuit in *Kunkel v. Jasin*, 420 F. App'x. 198, 199-200 (3d Cir. 2011), is particularly instructive.  There, the plaintiff (Kunkel) submitted copyright applications after he had declared bankruptcy and, thus, "the bankruptcy estate, not Kunkel, owned the designs [*i.e.*, the estate was the proper claimant] at the time that Kunkel registered them with the Copyright Office."  *Id.* at 200.  For that reason alone, the Third Circuit held that "**those registrations are invalid**."  *Id.* at 200 (emphasis added).  Explaining its reasoning

---

[6] SAS already fully litigated its infringement claim based on the 1973 registration, up through a petition for *certiorari* that was denied.  Thus, its attempt to supplement the 1973 registration – something that Ed Townsend never sought to do in over 30 years – and to then combine the supposed "additional elements" in the SAS Registration with those elements already found to be non-infringing in the 1973 registration (indeed, found to be independently created by Ed Sheeran and Amy Wadge), has its own set of legal problems that need not be addressed because no infringement suit can be based on the SAS Registration.  It also bears emphasis that, in its decision in SAS's prior suit based on the 1973 registration, the Second Circuit held "that SAS failed to raise a triable claim that *Let's Get It On's* chord progression/harmonic rhythm combination was protectible."  *Structured Asset Sales, LLC v. Sheeran*, 120 F.4th 1066, 1081 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 2792 (2025).  The Second Circuit also held that, because *Let's Get It On* and *Thinking Out Loud* utilized different chord progressions (as SAS itself conceded), *Thinking Out Loud* "does not feature the *particular* selection and arrangement featured in the [1973] Deposit Copy" as required to maintain a selection-and-arrangement infringement claim.  *Id.* at 1081, n.8 (emphasis in original).  And the Second Circuit additionally held that "no jury could find that, taken as a whole, *Let's Get It On* and *Thinking Out Loud* are substantially similar," including because "[n]either the melody nor the lyrics of *Thinking Out Loud* bears any resemblance to those in *Let's Get It On*."  *Id.* at 1082.

for finding the registrations invalid, the Third Circuit explained, "[w]hat is critical is that Kunkel **did not have the right to register the copyrights** at the time the registrations were submitted to the Copyright Office." *Id.* (emphasis added). The same is true here. SAS "did not have the right [to submit the SAS Application] to register the copyright" in the Claimed Derivative Work and, thus, the SAS Registration is invalid.

Numerous other courts have dismissed infringement claims for similar reasons. *See, e.g.*, *Raymond G. Schreiber Revocable Tr. v. Est. of Knievel*, 984 F. Supp. 2d 1099, 1112 (D. Nev. 2013), *aff'd*, *Raymond G. Schreiber v. Est. of Knievel*, 637 F. App'x 479 (9th Cir. 2016) ("Based on the above findings by the court, including that Schreiber is not the author of the works, that the works were not made-for-hire, and that he did not acquire rights or legal ownership in the subject works covered by U.S. Copyright Office Registration Certificate No. PA 1-392-509 for Evel Knievel's Spectacular Jumps, and U.S. Copyright office Registration Certificate No. PA 1-390-303 for Evel Knievel's The Last of the Gladiators, those copyrights will be declared invalid … ."); *C.D.S., Inc. v. Zetler*, 298 F. Supp. 3d 727, 772 (S.D.N.Y. 2018) (finding invalid defendant's purported registrations that "improperly copyright code and data belonging solely to plaintiff or plaintiff's clients"); *see also McLaren v. Chico's FAS, Inc*., No. 10-cv-2481 (JSR), 2010 WL 4615772, at *4 (S.D.N.Y. Nov. 9, 2010) (dismissing complaint because "the registration is invalid as a matter of law"); *Gray*, 2026 WL 71421, at *4 (finding invalid, as a matter of law, a registration of a derivative work not authorized by the legal owner of the copyright).

In its Opinion, the Court declined to dismiss the Complaint "prior to the development of any factual record, namely discovery as to the extent of Townsend's role in authoring the new musical elements embodied in the 2020 registration." Opinion at 13. It appears that the Court (i) overlooked that it was factually undisputed (indeed, determined) that SAS lacked any legal right

to file the SAS Application, and (ii) inadvertently conflated this issue with the separate question

of whether Pullman misrepresented Townsend's supposed authorship of the "additional elements"

when it submitted the SAS Application to the Copyright Office, describing one of Defendants'

arguments for finding the SAS Registration invalid as being based on SAS having "applied for the

registration without authorization *and* misrepresent[ing] Townsend's authorship in its application

to the Copyright Office." Opinion at 12 (emphasis added); *see also id.* at 14 ("in light of the

dispute over Townsend's authorship over the new musical elements, it would be premature to

conclude, at this stage of the litigation, that the 2020 registration is an invalid basis on which to

bring suit").

But, again, these were two totally independent arguments, either of which – if accepted by

the Court – requires dismissal of the Complaint. *First*, Defendants argued that "[t]he SAS

Registration is invalid because SAS sought registration of the Claimed Derivative Work without

any right or authority." ECF 64 at 12-13; *see also* ECF 94 at 3-5. *Second*, Defendants argued, in

the alternative, that "SAS misrepresented Townsend's authorship to the Copyright Office." ECF

64 at 13-14; *see also* ECF 94 at 5-6.

As to the first argument, as demonstrated above, there is no disputed issue of fact, and the

SAS Registration is invalid as a matter of law. As to the second argument, while there is really no

dispute that David Pullman had no personal knowledge regarding whether Townsend authored any

of the "additional elements," "discovery as to the extent of Townsend's role in authoring the new

musical elements" (Opinion at 13) and/or Copyright Office input may be appropriate.

But, as to the sole ground for this motion, there is **nothing** to discover regarding whether

SAS had authority to file the SAS Application. It did not. That is an undisputed, already

determined and dispositive fact.[7]

Nor is the Court required to consult the Register of Copyrights before finding the SAS Registration invalid.  Rather, courts are **only** required to consult the Register of Copyrights in "case[s] in which inaccurate information" is "alleged" to have been included in an application for copyright.  17 U.S.C. § 411(b)(2); *see also Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, No. 09-cv-2669 (LAP), 2010 WL 3958841, at *2 (S.D.N.Y. Sept. 27, 2010) (holding that accurate registration "does not come within the ambit of section 411(b)").  Here, Defendants do not allege that the SAS Registration includes any inaccurate information regarding SAS's **authority** to have filed the SAS Application, as the SAS Registration does not misidentify SAS as the "Author" or "Copyright Claimant" nor claim that Stone Diamond authorized the filing.  ECF 63-2 at 3.  It is unnecessary, and contrary to case authority (cited above), to consult the Copyright Office with respect to SAS's lack of authority to file the SAS Application.  It had no such authority.  As such, the SAS Registration is invalid.

Finally, as confirmed by *Kunkel*, the mere fact that the Copyright Office allowed the SAS Registration has no bearing on whether SAS actually had authority to apply for it in the first place, or whether the SAS Registration is valid.  As Section 602.4(C) of the updated Compendium of U.S. Copyright Office Practices (the "Compendium") explains, "[a]s a general rule, the U.S. Copyright Office accepts the facts stated in the registration materials, unless they are contradicted by information provided elsewhere in the registration materials or in the Office's records."  The Copyright Office does not conduct a searching inquiry into standing to register absent such

---

[7] Discovery could not possibly reveal that SAS was a duly authorized agent of the alleged authors (Townsend and Gaye), as they were both deceased long before 2020.  Nor could it possibly show that SAS is the duly authorized agent of the undisputed claimant (Stone Diamond, a defendant in this action).  Indeed, SAS does not claim to have been so authorized.  ECF 64 at 12-13; ECF 90 at 12-15; Opinion at 13.

inconsistency. Nor does it "adjudicate factual or legal disputes involving claims to copyright." Compendium, § 1808. Rather, "[i]f there is a dispute between two or more parties, it is the responsibility of each party to pursue their claims in an appropriate court." *Id.*[8]

Indeed, while input from the Copyright Office is not necessary for this Court to rule, in cases, unlike this one, where registrations misrepresented the applicant's status, the Copyright Office has submitted opinions supporting the invalidation of the registrations because they were submitted by unauthorized parties. *See, e.g.*, *Chambers v. Green-Stubbs*, No. 19-cv-00093 (N.D. Miss. Jan. 1, 2021), ECF No. 27 at 5-6 ("Had the Office been aware at the time the application was filed that Green-Stubbs was neither the author nor the owner of any exclusive rights in the Musical Work, it would not have issued her a registration for the Musical Work."); *Bueno v. Benhamou*, No. 21-cv-04595 (C.D. Cal. June 30, 2022), ECF No. 74 at 14 (opining that application would have been denied because "it does not appear that [the applicant] met the eligibility criteria to file an application" as he "did not author or, as of May 21, 2021, hold any exclusive right in [the works]").[9]

Here, this Court already determined the facts that require finding the SAS Registration invalid and which, in turn, require the dismissal of the Complaint.

---

[8] Excerpts of the updated Compendium are annexed as Exhibit 1 hereto.

[9] The Copyright Office opinions are annexed hereto as Exhibits 2 and 3. As noted above, the registrations in these cases inaccurately identified the party submitting the application as an author and/or claimant and thus required referral to the Copyright Office. Based on the Copyright Office's recommendation, the *Green-Stubbs* court held that the registration was invalid as a matter of law because it was submitted by an unauthorized applicant. *Chambers v. Green-Stubbs*, No. 19-cv-093 (GHD) (DAS), 2021 WL 107252, at *8 (N.D. Miss. Jan. 12, 2021) (finding registration invalid where the applicant "was neither the author nor the owner of any exclusive rights in the Musical Work"). Here, there is no dispute that SAS was an unauthorized applicant, but it did not misrepresent its status in the SAS Application.

## <u>CONCLUSION</u>

It is respectfully submitted that reconsideration should be granted and that, upon reconsideration, the Court should hold the SAS Registration invalid as a matter of law and dismiss Count I of the Complaint (the only remaining Count) and, thus, dismiss the Complaint.


Dated:  New York, New York
        January 20, 2026

        PRYOR CASHMAN LLP

        By: *<u>/s/ Donald S. Zakarin</u>*
           Donald S. Zakarin
           Ilene S. Farkas
           Andrew M. Goldsmith
           Brian M. Maida
        7 Times Square
        New York, NY 10036
        (212) 421-4100

        *Attorneys for Defendants*

**<u>ATTORNEY CERTIFICATION</u>**

Pursuant to Local Civil Rule 7.1(c), I, as the attorney filing the document, hereby certify that this document, exclusive of the caption, table of contents, table of authorities, signature block, and word count certification, contains 3,486 words.  This certification relies on the word count of the word-processing program used to prepare the document.

<u>*/s/ Brian M. Maida*</u>
Brian M. Maida