

PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569  Tel: 212-421-4100  Fax: 212-326-0806          www.pryorcashman.com

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

March 17, 2026

**VIA ECF**

Hon. Ronnie Abrams
Thurgood Marshall
United States Court House
40 Foley Square
New York, NY 10007

Re:    **Structured Asset Sales, LLC v. Edward Christopher Sheeran, et al. 20-cv-4329 (RA)**

Dear Judge Abrams:

We write in brief response to the March 16, 2026 letter from Mr. Parness on behalf of plaintiff requesting that the Court take notice of 17 U.S.C. § 1505(a) as "supplemental authority" for plaintiff's assertion that it was entitled to apply for the April 2020 registration of *Let's Get It On* ("LGO") at issue in this case.

Plaintiff's proposed "supplemental authority" is irrelevant to the issue before this Court. Section 1505(a) is strictly limited to, and is a part of, Chapter 15 of the Copyright Act (entitled Copyright Small Claims), embodied in Sections 1501 through 1511.  Congress enacted the Copyright Alternative in Small-Claims Enforcement Act of 2020 ("CASE Act") in December 2020. The CASE Act did not amend, modify or even address the regulations and law generally applicable to who was authorized to apply for registrations under Section 408(a) of the Copyright Act and Section 202.3(c)(1) of the Federal Regulations implementing the Copyright Act.[1]

The law continues to require that an application be submitted by the "author," "copyright claimant," "the owner of any exclusive right in a work," or "the duly authorized agent" of any such person/entity.  And, as defendants' motion shows, "owner" in Section 408(a) of the Copyright Act and Section 202.3(c)(1) of the Federal Regulations, consistent with ownership of exclusive rights under Section 106, necessarily refers only to the legal owner of copyright.  (ECF 138 at 2-4).

The CASE Act was intended to create a simplified and inexpensive non-judicial procedure for both "legal" and "beneficial" copyright "owners" with limited means and small claims to

---

[1] Indeed, the House Report states as follows: "The CASE Act establishes a voluntary and optional alternative forum to hear small copyright claims; it does not change the underlying law on which those claims are based. The Act takes copyright law as it finds it: **the Act does not alter the substantive provisions of the Copyright Act** or the case law construing it, and the Board's determinations must follow existing precedent."  H.R. Rep. No. 116-252, at 25 (2019) (emphasis added).

**PRYOR CASHMAN LLP**

commence such claims before an administrative Copyright Claims Board to be created by and under the authority of the Copyright Office.  It is focused on simplifying the requirements for **commencing** small claims as compared to federal infringement actions.  Because Section 501(b) of the Copyright Act confers standing upon beneficial owners to sue for infringement, and because the CASE Act was intended to align with that existing framework for small claims (while permitting small claims to be asserted even before a registration issues), Section 1505(a)'s reference to "beneficial owner[s]" simply reaffirms that beneficial owners as well as legal owners of copyright have standing to assert small claims before the Copyright Claims Board.[2]

The CASE Act and Section 1505(a) did not rewrite, modify, address, or in any way alter the preexisting requirements of the Copyright Act and Federal Regulations which confer authority to register only upon legal owners (and to "authors," "claimants" and "duly authorized agents" of such persons/entities).  Indeed, while Section 1505(a) does not reference an application being filed by the owner of an "exclusive right in the work," as it does not alter Section 408 and Section 202.3(c)(1) of the Regulations, applications by the owners of exclusive rights are clearly contemplated.[3]

In short, at most, the proposed "supplemental authority" is irrelevant to the issue before this Court.

We thank the Court for its attention to this matter.

Respectfully submitted,

Donald S. Zakarin

---

[2] Unlike infringement actions in federal court, where a case generally cannot even be commenced before registration is obtained (17 U.S.C. § 411(a)), Section 1505(a) allows a small claim proceeding to be asserted upon an application being delivered to the Copyright Office (so long as registration has not been refused). Section 1505(d) provides for expedited review by the Copyright Office of such applications.

[3] Contrary to the implied assertion of plaintiff, Section 1505(a) does not authorize a beneficial owner to apply for registration of copyright.  Instead, it merely provides that an infringement claim brought under the small claims procedure in the CASE Act cannot be asserted unless a legal or beneficial owner has "delivered a completed application, deposit and the required fee for registration of the copyright to the Copyright Office."  Section 1505(a) neither addresses nor changes existing law as to who is entitled to be the applicant.  But, to the extent it could be construed to permit a beneficial owner (other than an author) to be an applicant – which would be inconsistent with the House Report – it would be an exception solely applicable to the pursuit of the small claims procedure by a beneficial owner.