PARNESS LAW FIRM, PLLC
136 Madison Avenue, 6th Floor • New York, New York 10016
Hillel I. Parness • www.hiplaw.com • hip@hiplaw.com
(Cell) 646-526-8261 • (Office) 212-447-5299 • (Fax) 212-202-6002

October 2, 2026

VIA ECF

United States District Judge Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203

Re: *Structured Asset Sales, LLC v. Sheeran*, 20-cv-4329-RA-SN

Dear Judge Abrams:

I represent Plaintiff Structured Asset Sales, LLC in the above-referenced matter. Plaintiff respectfully requests that the Court take notice of the following decisions as supplemental authority in further support of Plaintiff's Opposition (ECF 136) to Defendants' Motion for Partial Reconsideration (ECF 133-134):

- *Great Bowery Inc. v. Consequence Sound LLC*, 174 F.4th 1336 (11th Cir. May 5, 2026) (**Exhibit A**); and

- *SOL3, LLC v. Inversal, Inc.*, No. CV 25-255, 2026 WL 2333804 (E.D. Pa. Aug. 12, 2026) (**Exhibit B**).

The Defendants[1] have placed at issue the question of whether Plaintiff, undisputedly a fractional beneficial owner of the musical composition "Let's Get It On," was permitted to file the application that resulted in a copyright registration at issue in this case (Reg. No. PA 2-238-083). *See* ECF 134 at 5.[2]

In *Great Bowery*, the 11th Circuit reaffirmed that, "[t]o have statutory standing, a plaintiff does not need to be the owner of *all* the exclusive rights comprised in a copyright,"[3]

[1] The moving Defendants include Edward Christopher Sheeran p/k/a Ed Sheeran, Sony/ATV Music Publishing LLC, Stone Diamond Music Corp., *et al*. ECF 133.

[2] Plaintiff previously brought the CASE Act, 17 U.S.C. § 1505(a), to the Court's attention, and in particular its "legal or beneficial owner" formulation. This formulation can also be found in the bills introduced in the House and the Senate in 2019 – prior to Plaintiff's 2020 application – all of which reinforces the conclusion that Congress understood that beneficial owners like Plaintiff were and are empowered to file applications for copyright registration.

[3] *Great Bowery*, 174 F.4th at 1342 (*citing Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1003 (9th Cir. 2015); *HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 382 (7th

"[u]nder the Copyright Act of 1976, the bundle of exclusive rights that comes with a copyright is divisible,"[4] and "[t]here is 'no limit on how narrow the scope of licensed rights may be and still constitute a "transfer" of ownership, as long as the rights thus licensed are "exclusive."'"[5] Plaintiff's status as a fractional owner thus has no bearing on its standing.

Defendants also continue to argue (ECF 134 at 10) that Plaintiff made misrepresentations to the Copyright Office when – implicitly or explicitly – Plaintiff identified Edward Townsend Jr. as the author of the musical elements present in the sound recording submitted as a deposit copy, asserting that the Court "conflated" this issue with the standing issue discussed above. *Id.* at 3, 8. Indeed, although Defendants framed their motion for reconsideration as only addressing the standing issue, and not revisiting the Court's denial of their motion to dismiss on the misrepresentation grounds, they plainly could not resist the temptation to continually reiterate their accusations throughout their brief. *See id.* at 3, 4, 8, 10.

In *SOL3*, the district court considered an argument that the copyright registration at issue was invalid because of a knowing material misrepresentation, rejecting it because "a potential inference of knowledge is notably different than actionable evidence of actual knowledge…. New Era has not shown that Mr. Kassarich knew of the factual and legal deficiencies in SOL3's copyright application or that SOL3's should be otherwise subject to invalidity under § 411(b)."[6] Notably, the *SOL3* court rejected the argument that a copyright registration was invalid due to an alleged knowing material misrepresentation, and did so in the context of a motion for summary judgment, whereas here, the Court is being asked to reconsider its reasoned denial of a motion to dismiss, before any discovery has been sought or exchanged. If there are mistakes in the copyright registration Plaintiff secured – and we do not concede that there are any – there is no evidence that the Section 411(b) standard has been satisfied, as the Court recognized in declining to dismiss on this ground. ECF 98 at 13–14.

---

Cir. 2011); *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27, 36 (2d Cir. 1982); 1 Paul Goldstein, Goldstein on Copyright § 15.5.1 & n.19 (3d ed. & 2026-1 supplement)) (emphasis in original).

[4] *Id.* at 1343 (*citing N.Y. Times Co., Inc. v. Tasini*, 533 U.S. 483, 495-96 (2001); 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 10.02 (Oct. 2025 update); 2 William F. Patry, Patry on Copyright § 5:123 & n.7 (Mar. 2026 update)).

[5] *Id.* (*quoting* 3 Nimmer § 10.02 & n.9).

[6] *SOL3*, No. CV 25-255, 2026 WL 2333804, at *5 (E.D. Pa. Aug. 12, 2026).

Respectfully submitted,

Hillel I. Parness

cc: Counsel of Record (via ECF)