PRYOR CASHMAN LLP New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569 Tel: 212-421-4100 Fax: 212-326-0806 www.pryorcashman.com

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
dzakarin@pryorcashman.com

October 5, 2026

**VIA ECF**

Hon. Ronnie Abrams
Thurgood Marshall
United States Court House
40 Foley Square
New York, NY 10007

**Re: Structured Asset Sales, LLC v. Edward Christopher Sheeran, et al. 20-cv-4329 (RA)**

Dear Judge Abrams:

We represent the Defendants in the above-referenced case. We write in brief response to the October 2, 2026 letter (ECF 141) from Mr. Parness on behalf of plaintiff Structured Asset Sales, LLC ("SAS").

SAS's letter submits two cases which SAS contends bear on Defendants' reconsideration motion seeking dismissal of SAS's Complaint. The two cases are so patently irrelevant to Defendants' motion that it suggests that SAS had some other purpose in submitting its letter. Defendants' motion for reconsideration addresses a single issue: whether SAS – which indisputably is not an author, nor the copyright claimant, nor the legal owner of any exclusive right, nor the duly authorized agent of any of them – was authorized in 2020 to apply to register a compositional copyright for "Let's Get It On," which had been registered some 50 years before by Ed Townsend. (ECF 134 at 1-2, 5-6; ECF 138 at 1-2.) The motion was fully submitted in March 2026. The two out-of-Circuit cases referenced in SAS's letter do not address, and are wholly irrelevant to, this issue.

*Great Bowery Inc. v. Consequence Sound LLC*, 174 F.4th 1336 (11th Cir. 2026), which was decided five months ago, concerns whether a purported exclusive licensee of photographs had statutory standing under Section 501(b) to commence a suit for infringement. *Great Bowery* does not address who may apply for a copyright registration. Indeed, it does not even mention Section 408(a) of the Copyright Act nor Section 202.3(c)(1) of the Regulations, the relevant provisions regarding application for copyright registration. *Great Bowery* is completely irrelevant to the issue pending before the Court.[1]

---

[1] *Great Bowery* is further irrelevant as it concerns only ownership of an exclusive right by transfer. It did not reach arguments regarding beneficial ownership rights in a copyright, which is, at most, what SAS holds here. 174 F.4th at 1349-50.

PRYOR CASHMAN LLP

SAS quotes certain passages from *Great Bowery* stating that exclusive rights under copyright are "divisible" and that "there is no limit on how narrow the scope of licensed rights may be and still constitute a transfer of ownership." (ECF 141 at 1-2.) But the proposition that copyrights are divisible into various separate exclusive rights is undisputed and irrelevant to who may register a copyright, as opposed to who may sue for infringement. It is undisputed and indisputable that SAS does not own **any** exclusive rights under copyright. SAS is not a fractional owner of any exclusive rights but is, at best, a beneficial owner of a fractional interest in the "Let's Get It On" copyright. SAS's standing to sue for infringement as a beneficial owner under Section 501(b) has nothing to do with whether it may apply for copyright registration.

*SOL3, LLC v. Inversal Inc.*, No. 25-cv-255, 2026 WL 2333804 (E.D. Pa. Aug. 12, 2026), decided almost two months ago, is even more inapposite. On summary judgment, the district court held that the defendant had not shown the registrant knew of inaccuracies in its application under Section 411(b) and separately found a fact issue as to whether the registrant had acquired the copyright by written assignment. *Id.* at *4-5. Defendants' original motion to dismiss had two prongs regarding SAS's unauthorized registration. One was based on David Pullman's misrepresentations to the Copyright Office in the application to register the copyright. The second was SAS's lack of authority to have applied for registration at all. The motion for reconsideration addressed only SAS's lack of authority. It did not address the Court's determination that there were facts that needed to be developed regarding the misrepresentations made by Mr. Pullman.

SAS's letter asserts that Defendants "continue to argue" in their motion for reconsideration that Mr. Pullman misrepresented or falsified information to the Copyright Office. (ECF 141 at 2.) That is demonstrably false. While Defendants have not waived the misrepresentation argument, that argument is not at issue in the reconsideration motion. Defendants' motion papers repeatedly refer to Mr. Pullman's misrepresentations as "entirely separate," "unrelated" and "distinct" from the motion for reconsideration. (*See, e.g.*, ECF 134 at 3-5, 8; *id.* at 4 n.4.)

In short, SAS's "supplemental authority" is not remotely relevant to the issue before the Court: that SAS was not one of the persons or entities permitted to apply for the registration, which renders the registration invalid as a matter of law. Defendants respectfully request that reconsideration be granted and the Complaint dismissed. We thank the Court for its attention to this matter.[2]

Respectfully submitted,

Donald S. Zakarin

---

[2] SAS also attempts to retread ground regarding its previously submitted "supplemental authority," the CASE Act. (ECF 141 at 1 n.2.) Defendants already explained why that authority is irrelevant. (ECF 140.)